# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0101, <u>State of New Hampshire v. Justin Spirko</u>, the court on June 13, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The defendant, Justin Spirko, appeals an order of the Circuit Court (<u>Stephen</u>, J.) placing him in preventive detention without bail pursuant to RSA 597:2, III(a) (Supp. 2023).  The defendant argues that the trial court erred in finding that the State proved, by clear and convincing evidence, that his release would endanger the safety of the public.  <u>See</u> <u>id</u>.  The State counters that the case is moot, and we agree.

A matter is moot when it no longer presents a justiciable controversy because the issues involved in the case have become academic or dead.  <u>Londonderry Sch. Dist. v. State</u>, 157 N.H. 734, 736 (2008).  Nevertheless, "[m]ootness is not subject to rigid rules, but is a matter of convenience and discretion."  <u>State v. Luwal</u>, 175 N.H. 467, 470 (2022).  For example, we have exercised our discretion to review issues that have become moot when they involve significant constitutional questions or matters of pressing public interest, when doing so would avoid future litigation, or when such issues are capable of repetition yet evading review.  <u>See</u> <u>id</u>.; <u>Petition of Brooks</u>, 140 N.H. 813, 816 (1996); <u>Royer v. State Dep't of Empl. Security</u>, 118 N.H. 673, 675 (1978).

In this case, the defendant is no longer being held in preventive detention, as he resolved the charges against him by pleading guilty in exchange for sentences that included credit for time served while he was held on preventive detention.  Thus, we agree with the State that the issues raised by the defendant are moot, and that the case does not otherwise warrant deciding it on its merits.  Accordingly, we dismiss the appeal as moot.

<u>Dismissed</u>.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**